IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3115-BO

RONALD F. FISHMAN, )
       Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
       Defendant. )

On August 29, 2008, plaintiff filed this suit pursuant to the Federal Tort Claims Act ("FTCA"). On February 20, 2009, the matter survived a frivolity review and was allowed to proceed. (Order, Feb. 20, 2009, D.E. # 9) Plaintiff also filed numerous other motions. The court construed a March 19, 2009, motion (D.E. # 12) as one to amend the complaint. (Order, Dec. 10, 2009, D.E. # 20) On December 10, 2009, the court construing the motion to amend the complaint to include Bivens' claims was dismissed, however, the court noted the FTCA issue in claim 5 could proceed as previously determined by the court in its February 20, 2009, order. Now before the court is defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff has responded to the motion, and the matter is ripe for determination.

Plaintiff alleges that on April 8, 2007, he was stuck by a needle while cleaning out the trash at FMC- Butner. From the incident, he alleges to have suffered physical injury, as well as emotional and mental distress. He also incorporated a claim about the denial of obtaining an egg shell mattress within the FTCA issue.

When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. Richmond, Fredericksburg, & Potomac Railroad Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001) (citations omitted) (discussing motions

to dismiss in the FTCA context). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Richmond, 945 F.2d at 768. The court is to apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists, and the moving party should prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."

To begin, the court does not have subject matter over the claim relating to the mattress in that it is not exhausted. Exhaustion of administrative remedies is necessary before bringing an FTCA claim to a federal district court for relief. Drew v. United States, 217 F.3d 193, 196-197 (4th Cir.) ("the FTCA prohibits the filing of a civil action against the Government unless the underlying claim is 'first presented' to the appropriate federal agency and subsequently denied."), aff'd, 231 F.3d 927 (4th Cir. 2000) (en banc). To properly exhaust the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2675, et seq., instructs that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (vacating judgment for plaintiff because the requirements of section 2675(a) are jurisdictional and may not be waived).

2

Case 5:08-ct-03115-BO   Document 47   Filed 07/01/11   Page 2 of 5

Thus, even after a claimant has presented an administrative FTCA claim to the appropriate agency, that claimant may not proceed to Federal court until either he has received a denial from the agency or six months have lapsed from the filing of the administrative claim. See Id. A case that is filed before the denial has issued or six month period has elapsed is not rescued simply because time has passed or a denial is issued at a later time. Id. (holding that district court lacked jurisdiction pursuant to § 2675 when the "district court had no jurisdiction at the time the action was filed"). Plaintiff filed an administrative complaint regarding an egg crate mattress on June 13, 2008. (Mot. to Dismiss, Exhibit A para. 4.) Plaintiff filed this case on August 29, 2008. (D.E. #1). However, the administrative claim in regard to the mattress was not denied until February 19, 2009. (Mot. to Dismiss, Exhibit A at para. 4, Attch. 3). Therefore, the complaint was filed in this court before the agency denied it, and the court lacks subject matter jurisdiction.

The court also lacks subject matter jurisdiction over the needle stick claim. Defendant claims the Inmate Accident Compensation Act (hereinafter "IACA"), 18 U.S.C. § 4126, is the exclusive remedy against the United States for federal inmate's work-related injuries.

The Inmate Accident Compensation Act, 18 U.S.C. § 4126, precludes recovery under the FTCA for a prisoner's work-related injuries. The IACA is the exclusive remedy for a federal prisoner who is injured on the job. 18 U.S.C. § 4126(c)(4); see 28 C.F.R. § 301.319; United States v. Demko, 385 U.S. 149, 152–53 (1966); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) ("[Section 4126] is a prisoner's exclusive remedy against the United States for work[-]related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work[-]related injuries."); see also, e.g., Dees v. USA, et al., 5:09-CT-3040-D (E.D.N.C. Oct. 26, 2010) (unpublished); Hairston v. Gonzales, No. 5:07-CT-3078-D, 2008 WL 2761315, at *4 (E.D.N.C. July 11, 2008) (unpublished); Webb v. Lappin, No. 1:07cv1203 (LO/BRP), 2008 WL 4360995, at *4

(E.D. Va. Sept. 22, 2008) (unpublished); Ezebuihe v. U.S. Dep't of Justice, No. 5:07CV75, 2008 WL 3850739, at *2 (N.D. W. Va. Aug. 15, 2008) (unpublished).

The IACA's regulations define "work-related injury" as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam). "Section 4126 [also] provides the exclusive remedy where a prisoner with a pre-existing medical problem is subsequently injured in a work-related incident." Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987).

In the complaint, plaintiff states the injury occurred while working as an orderly. (D.E. # 1 at 2-3) He states the same in his SF-95 filed with the Bureau of Prisons on January 7, 2008, wherein he states the injury occurred "while working as an orderly." (D.E. # 1, Ex. 1 at 4) He against states he was working as an orderly in his March 19, 2009 pleading (D.E. # 12 at 18). Plaintiff attempts to place the injury outside the job work detail due to the fact he was "unpaid" and working on "off-duty" time. (D.E. # 1 at 2-3, and D.E. # 45 response in opposition). However, the "Inmate History WRK Detail" states that on the date in question plaintiff was working as an orderly. (D.E. # 39, Decl. Lynnell Cox, . Attach. 2) Lastly, plaintiff does state he was not working as an orderly, but not working at the normally scheduled hour. Because the IACA applies to the claim, the FTCA claim is barred as an action given plaintiff is without subject matter to bring it.

4

Accordingly, defendant's motion to dismiss is ALLOWED (D.E. # 38). The Clerk is DIRECTED to CLOSED the case. All other pending motions are DENIED as MOOT with the exception of the motions to seal (D.E. # 26, 27, 29, and 35) which are ALLOWED.

SO ORDERED, this the 30 day of June 2011.

_____
TERRENCE W. BOYLE
United States District Judge