IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3115-BO

RONALD F. FISHMAN,                    )
                    Plaintiff,        )
                                      )
          v.                          )          **ORDER**
                                      )
UNITED STATES OF AMERICA,             )
                    Defendant.        )

On August 29, 2008, plaintiff filed this suit pursuant to the Federal Tort Claims Act ("FTCA"). On February 20, 2009, the matter survived a frivolity review and was allowed to proceed. (Order, Feb. 20, 2009, D.E. # 9) Plaintiff also filed numerous other motions. The court construed a March 19, 2009, motion (D.E. # 12) as one to amend the complaint. (Order, Dec. 10, 2009, D.E. # 20) On December 10, 2009, the court, construing the motion to amend the complaint to include Bivens' claims was dismissed; however, the court noted the FTCA issue in claim 5 could proceed as previously determined by the court in its February 20, 2009, order. On July 1, 2011, defendant's motion to dismiss for lack of subject matter jurisdiction was allowed and the action was dismissed (D.E. # 47 and 48). On July 18, 2011, plaintiff filed a motion for reconsideration of the court order dismissing the action pursuant to Federal Rules of Civil Procedure 59 (D.E. # 49) . It is this motion which is properly before the court, and ripe for determination.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Fishman has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment. Accordingly, the motion (D.E. # 49) is DENIED.

SO ORDERED, this the 4 day of November 2011.

TERRENCE W. BOYLE
United States District Judge

2